IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM CARL HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-00569 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Knowles |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff William Carl Hayes's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion"), filed with a declaration and proposed order (Doc. Nos. 25-1; 25-2), and seeking to award $5,504.00 in attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 25.) Defendant Commissioner of Social Security ("Commissioner") filed a Response stating she does not oppose the Motion. (Doc. No. 28.)

Under the EAJA, a prevailing party in litigation against the United States may seek attorney's fees, so long as the party files a motion for fees within thirty days from the time that a judgment becomes non-appealable. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G) (2012)). Federal Rule of Appellate Procedure 4(a) provides that parties have sixty days from the entry of judgment to appeal an order, if one of the parties is a United States employee sued in an official capacity. Fed. R. App. P. 4(a)(1)(B)(iii). Thus, in a case against the Commissioner of Social Security, the thirty-day time limit for filing a motion for attorney's fees under the EAJA begins once the sixty-day period for appealing the judgment has expired. *Shalala*, 509 U.S. at 303. In such cases, a sentence of remand to the Commissioner by

1

the court constitutes a victory for the plaintiff, such that he or she may seek attorney's fees under the EAJA. *Id.* at 301.

Here, on December 6, 2012, the Court reversed a decision of the Administrative Law Judge denying benefits to Plaintiff and remanded his case to the Commissioner for further proceedings. (Doc. No. 23.) The Clerk of the Court entered judgment the same day. (Doc. No. 24.) The sixty-day period for appeal expired on February 6, 2013, rendering the judgment final. Plaintiff thus had until March 8, 2013, to file his motion for attorney's fees under the EAJA. Plaintiff filed his Motion on March 4, 2013. (Doc. No. 25.) Plaintiff's attorney requests $5,504.00 in fees, based on thirty-two hours of work at a rate of $172.00 per hour. (Doc. No. 25-1 at 2–5.) The Commissioner does not object to the award and states that the award will be paid to Plaintiff's attorney, subject to any applicable offsets for pre-existing debt Plaintiff owes the Government. (Doc. No. 28 at 1.)

The Court finds that $5,504.00 is a reasonable award for the work performed. Accordingly, the Motion (Doc. No. 25) is **GRANTED**.

It is so ORDERED.

Entered this the 29 day of May, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2